**BROWN & CONNERY LLP**
William F. Cook, Esquire
Joseph T. Carney, Esquire
360 North Haddon Avenue
Westmont, New Jersey 08108
*Attorneys for the Township of Cherry Hill*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TYLER WILLIAMS and LAKSHMI BAROT**<br>**125 Wayside Drive**<br>**Cherry Hill, NJ 08034**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CHERRY HILL TOWNSHIP**<br>**820 Mercer Street,**<br>**Cherry Hill, NJ 08002,**<br><br>**and**<br><br>**CHERRY HILL BOARD OF EDUCATION**<br>**Arthur Lewis Administrative Building**<br>**45 Ranoldo Terrace**<br>**Cherry Hill, NJ 08034**<br><br>**Defendants.** | Removed from the<br>Superior Court of New Jersey, Law Division, Civil Part<br>Camden County<br><br>CAM-L-000111-25<br><br>**NOTICE OF REMOVAL** |

TO: Clerk of the Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

**PLEASE TAKE NOTICE** that Defendant Township of Cherry Hill, by and through their undersigned counsel, hereby removes this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Camden County (the "State Court") to the United States District Court for the District of New Jersey, Camden Vicinage.

In support of this Notice of Removal, the Township respectfully states as follows:

**BACKGROUND**

1. On January 13, 2025, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Camden County (Ex. A, State Court Complaint).

2. Plaintiffs allege violations of federal law, including but not limited to 42 U.S.C. § 1983 and the Fifth Amendment (see State Court Complaint, ¶ 457).

3. The matter will further involve the assertion of federal defenses, including but not limited to defenses available under the National Flood Insurance Program.

**BASIS FOR REMOVAL**

4. This Court has original jurisdiction over the above-captioned matter under the provisions of 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.

5. The pending action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by the Township pursuant to the provisions of 28 U.S.C. § 1441, including sections 1441(a) and 1441(c).

6. This Court has supplemental jurisdiction over the remaining counts of the Complaint under 28 U.S.C. § 1367 because they arise from the same case or controversy.

**REMOVAL IS TIMELY**

7. This Notice of Removal is being filed within thirty (30) days of January 15, 2025, the date on which the State Court Complaint was filed.

8. Pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), this Notice of Removal is timely. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

**VENUE IS PROPER**

9. The United States District Court for the District of New Jersey is the federal judicial district embracing the State Court where Plaintiff originally filed this suit. See 28 U.S.C. § 1441(a).

**STATE COURT NOTIFICATION AND NOTICE TO ALL COUNSEL OF RECORD**

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all counsel of record and will be filed with the State Court.

**ALL DEFENDANTS CONSENT TO REMOVAL OF THE ACTION**

11. The undersigned has conferred with counsel for the other Defendant in this matter, the Cherry Hill Township Board of Education.

12. The undersigned is in receipt of the consent from counsel for the Cherry Hill Township Board of Education to remove this action.

13. Accordingly, all Defendants consent to removal.

**MISCELLANEOUS**

14. No admission of fact, law, or liability is intended by this Notice of Removal and the Township expressly reserves all defenses, affirmation of defenses, and motions.

**WHEREFORE,** the Township, by and through its undersigned counsel, and through the filing of this Notice of Removal, serving of a copy of this Notice of Removal on all counsel of record, and filing of a copy of this Notice of Removal with the Clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Respectfully submitted,

Dated: January 28, 2025

By: s/ *William F. Cook*
William F. Cook, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2025, the foregoing Notice of Removal was electronically filed with the United States District Court for the District of New Jersey *via* the CM/ECF system. I further certify that on January 28, 2025, the foregoing Notice of Removal is being served on all counsel of record via e-mail, as follows:

**WEIR GREENBLATT PIERCE LLP**
A Pennsylvania Limited Liability Partnership
Patrick T. Krenicky (Id. No. 036112010)
35 Kings Highway East
Haddonfield, New Jersey 08033
pkrenicky@wgpllp.com

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: January 28, 2025

By: s/ *William F. Cook*
William F. Cook, Esquire

# EXHIBIT A

WEIR LLP
*A Pennsylvania Limited Liability Partnership*
By: Patrick T. Krenicky (Id. No. 036112010)
20 Brace Rd., Suite 201
Cherry Hill, NJ 08034
(856) 429-7750
(856) 427-0360 (fax)
pkrenicky@weirlawllp.com *Attorneys for Plaintiffs*

| | |
|---|---|
| TYLER WILLIAMS and<br>LAKSHMI BAROT<br>125 Wayside Drive<br>Cherry Hill, NJ 08034<br><br>Plaintiffs,<br><br>v.<br><br>CHERRY HILL TOWNSHIP<br>820 Mercer Street,<br>Cherry Hill, NJ 08002,<br><br>and<br><br>CHERRY HILL BOARD OF EDUCATION<br>Arthur Lewis Administrative Building<br>45 Ranoldo Terrace<br>Cherry Hill, NJ 08034<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: CAM-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs, Tyler Williams and Lakshmi Barot, by and through their counsel, Weir LLP, file this Complaint against Cherry Hill Township and Cherry Hill Board of Education arising from flooding conditions which have resulted in a dangerous condition, nuisance, trespass and taking of the real property, and aver as follows:

PARTIES AND VENUE

1. Plaintiffs, Tyler Williams and Lakshmi Barot are adult individuals who, at all relevant times hereto, own and reside at the property located at 125 Wayside Drive, Cherry Hill, New Jersey 08034 (the "Property").

2. Defendant, Cherry Hill Township (the "Township"), is a municipality located within the County of Camden and the State of New Jersey, with its municipal offices located at 820 Mercer St., Cherry Hill, New Jersey 08002.

3. Defendant, Cherry Hill Board of Education (the "BOE"), is a legislative body whose members are elected by the citizens of Cherry Hill, located within the County of Camden and the State of New Jersey, with its offices located at the Arthur Lewis Administrative Building, 820 Mercer St., Cherry Hill, New Jersey 08002.

4. Venue is appropriate in the Superior Court, Law Division under R. 4:3-1(a)(5) as the action primarily seeks monetary relief and does not involve probate or family law matters, among others.

5. Venue is appropriate in Camden County under R. 4:3-2, as this action involves damages to real property located in Camden County, Plaintiffs' causes of action arose in Camden County, and the Township is located in Camden County.

BACKGROUND

6. The Township is a governmental entity whose responsibilities are, among other things, to maintain a stormwater management system within its jurisdictional boundaries and in such a manner as to protect its citizens from flooding.

7. Likewise, the Township is required to meet and maintain certain standards consistent with its own stormwater management guidelines, those of the County of Camden, the

State of New Jersey, and by its own ordinances mandated by the Federal Emergency Management Agency ("FEMA").

8. At all times material hereto, the Township authorized, procured, owned, operated, controlled, and maintained the stormwater management system at and near the Property in a dangerous condition as described herein.

9. Due to the Township's faulty and dangerous stormwater management system, when there is a significant rain event, the Township's stormwater management system overflows and the Property floods.

10. On repeated occasions, flood waters have entered the Plaintiffs' home located on the Property.

11. At all times material hereto, it is believed that the BOE owned (and continues to own) the real property on which the A. Russell Knight Elementary School sits (the "School Premises")

12. The School Premises is situate within the Township and is in close proximity to the Property.

13. As a landowner of the School Premises, the BOE is dutybound to maintain and use its property so as not to infringe upon the legal rights of its neighbors.

14. During significant rain events, stormwater runs from the School Premises onto Plaintiffs' Property, flooding it.

15. Neither the Township nor the BOE has taken any steps to retain the stormwater on the School Premises during significant rain events, or taken any other steps to manage, slow or prevent the stormwater from flowing onto the Plaintiffs' Property.

16. There have been numerous flood events which have occurred over the years, including within the two years preceding the commencement of this civil action.

17. During that period, the Property has suffered repeated damage from the flooding caused by the Township's stormwater management system and the BOE's failure to contain the stormwater flowing from the School Premises.

18. The Township and BOE are aware of the flooding issues, but have undertaken no action that has solved the repeated flooding of the Property, and the Property and Plaintiffs' home continue to be subject to flooding during major rain events.

19. For example, on multiple occasions in the last two years, water, sewage and other materials were directed onto the Property by the Township's stormwater management system and the BOE's failure to retain same on the School Premises, infiltrating Plaintiffs' home located on the Property and causing significant damage to their living spaces, particularly concentrated to the first floor of their home, and damage and destruction to Plaintiffs' personal belongings.

20. During significant rain events, Plaintiffs' house is flooded with filthy stormwater ranging from several inches up to five feet of stormwater.

21. Plaintiffs have had to incur significant cleanup costs, and have spent significant sums to make structural repairs to the Property as a result of the repeated flooding.

22. Plaintiffs have suffered damage to their personal property including invaluable personal items due to the flooding.

23. Plaintiffs believe, and therefore aver, that mold conditions exist in their home as a result of the repeated flooding.

24. The Township has not exercised the requisite care with regard to the stormwater management system in and near Plaintiffs' Property, and has not sufficiently monitored,

maintained or engaged in any other material operations to ensure that the stormwater management system is operating correctly.

25. The BOE has not exercised the requisite care with regard to the stormwater flowing from the School Premises to the Plaintiffs' Property, and has not sufficiently managed, maintained or engaged in any other material operations to ensure that the stormwater is being retained, or otherwise managed, slowed or prevented from flowing onto the Property.

26. The Township has been aware of the flooding issues and the defects in its stormwater management system for many years but has failed to remedy or correct the flaws in its stormwater management system, and has failed to adequately investigate and determine the cause of the flooding.

27. The Township's lack of oversight with regard to its stormwater management system, failure to undertake proper maintenance, and decisions to allow failures in the stormwater management system to persist over many years has caused and contributed, and continues to cause and contribute to the serious backup of stormwater that floods the Property and Plaintiffs' home during significant rain storms, causing them massive and repeated damage.

28. The BOE has been aware of the flooding issues and, in particular, that stormwater flows from the School Premises onto the properties of others, including the Property, for many years but has failed to retain or otherwise remedy, correct or manage the stormwater flow.

29. The BOE's lack of oversight with regard to stormwater retention, failure to undertake proper management, and decisions to allow stormwater to flow from the School Premises onto the properties of others over many years has caused and contributed, and continues to cause and contribute to the serious amounts of stormwater that floods the Property and Plaintiffs' home during significant rain storms, causing them massive and repeated damage.

30. Neither Defendant has exercised the requisite care with regard to its respective stormwater management/retention systems in and near Plaintiffs' Property.

**COUNT I – NEGLIGENCE/DANGEROUS CONDITION**

31. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

32. The Township has a duty to properly design, maintain, inspect, repair and operate its stormwater management system in such a manner as to protect Plaintiffs from flooding and flood damage.

33. The Township has a duty to maintain, inspect, repair and operate its stormwater management systems in such a manner so as not to artificially direct stormwater and/or floodwater toward the Property and/or cause, increase or endanger Plaintiffs and the Property with additional stormwater or flooding.

34. Likewise, the BOE has a duty manage the stormwater on the School Premises in such manner so as to not to direct the stormwater and/or floodwater toward the Property and/or cause, increase or endanger Plaintiffs and the Property with additional stormwater or flooding at times of heavy rain.

35. Notwithstanding its duty, the Township undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and their Property by, among other things:

(a) Failing to properly design its stormwater management system so as to avoid creating cumulative impacts of stormwater at or near the Property thus causing Plaintiffs damage;

(b) Failing to maintain, operate, inspect, and/or repair its stormwater management system in such a manner as to reasonably protect Plaintiffs from the risk of stormwater collecting at the Property such as to cause flood damage;

(c) Refusing to address and ignoring prior concerns and notice that stormwater was being diverted to the Property as a result of the stormwater management system with knowledge that it could cause future flooding events to the Property;

(d) Failing to maintain the stormwater management system in a manner such that stormwater could accumulate at the Property and be unable to exit the area without causing damage to the Property;

(e) Failing to investigate properly how the stormwater management system was designed to operate and/or was operating, such that a future risk of flooding was a likely future event.

36. With respect to the BOE, it undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the flow of stormwater onto Plaintiffs' Property by, among other things:

(a) Failing to property design a stormwater retention system so as to avoid creating cumulative impacts of stormwater at or near the Property thus causing Plaintiffs damage;

(b) Failing to maintain the School Premises in such a manner as to reasonably protect Plaintiffs from the risk of stormwater flowing from the School Premises and collecting at the Property such as to cause flood damage;

(c) Refusing to address and ignoring prior concerns and notice that stormwater was being directed and/or diverted from the School Premises to the Property with knowledge that such direction and/or diversion could cause future flooding events to the Property;

(d) Failing to design, operate and/or maintain a stormwater retention system on the School Premises, such that a future risk of flooding and damage to the Property was likely to occur and continue to occur;

(e) Failing to investigate properly how the stormwater retention system, if any, was designed to operate and/or was operating, such that a future risk of flooding to the Property was a likely future event.

In the aggregate, these actions and/or failures to act by the Township and BOE are the proximate cause of damages suffered by Plaintiffs since they acquired the Property, and will continue to cause damages to Plaintiffs in the future.

37. Further, as a direct and proximate cause of the actions and inactions of the Township and BOE identified herein, Plaintiffs suffered significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township and BOE, and causing them to suffer other economic and non-economic damages as a result therefrom.

38. The condition of the stormwater management system and the absence of a stormwater retention system are dangerous conditions that caused the damage to Plaintiffs' Property as set forth herein, and the Township's and the BOE's negligence caused the dangerous condition. Further, the Township and the BOE had actual and constructive notice of the dangerous conditions well prior to the flood events that are the subject of this Complaint.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

**COUNT II – NUISANCE**

39. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

40. The actions and inactions of the Township and BOE, as described and averred herein, caused the incursion of significant amounts of stormwater onto Plaintiffs' Property including the interior of their home.

41. The actions and inactions of the Township and BOE, as described and averred herein, caused unreasonable interference with Plaintiffs' reasonable use and enjoyment of their Property, including but not limited to their living spaces on the first floor of their home and to the outside of their Property, which continue to be repeatedly flooded with stormwater and other undesirable materials.

42. As a direct and proximate result of the Township's and BOE's actions and inactions, as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically market their Property, thus having the value of their Property taken without just compensation by the Township and BOE, and have suffered other economic and non-economic damages as a result therefrom.

43. The inability to live peacefully in their home and maintain a quality of life and quiet enjoyment in their Property resulting from the actions and inactions of the Township and BOE, and the future probabilities of continued flooding have created a nuisance for which Plaintiffs have suffered as herein alleged.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

**COUNT III – TRESPASS**

44. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

45. The Township's stormwater management system is owned by and was created for the benefit of the Township and its predecessors and successors in interest.

46. The Township controls the stormwater within its stormwater management system.

47. The stormwater management system was designed to artificially accumulate and direct water into the area of the Property.

48. The BOE owns the School Premises and controls the stormwater flowing from the School Premises.

49. The failure of the BOE to design, manage or maintain any stormwater retention or diversion system on the School Premises has resulted in stormwater flowing directly from the School Premises to the area of the Property.

50. Such conduct (and non-conduct) by the Township and the BOE has the effect of bringing stormwater to the Property during rain events.

51. But for the Township's and BOE's conduct (and non-conduct), the faulty stormwater management system and the absence of a stormwater retention or diversion system on the School Premises, stormwater would not have entered and caused the substantial damage to the Property.

52. The act of allowing stormwater to aggregate, accumulate, enter the Property and cause physical impact and damage to the Property is an act of trespass upon the Property owned by Plaintiffs.

53. As a direct and proximate result of the Township's and BOE's acts of trespass as described and averred herein, Plaintiffs have suffered harm such as significant damage to their Property including their home, have had their quality of life negatively impacted, have suffered significant devaluation of their Property and will continue to suffer the inability to economically

market their Property, thus having the value of their Property taken without just compensation by the Township and BOE, and have suffered other economic and non-economic damages as a result therefrom.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for compensatory damages sustained as a result of the direct and indirect physical impacts to the Property, the devaluation of the Property, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

**COUNT IV – INVERSE CONDEMNATION**

54. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

55. The physical incursion of the stormwater controlled by Defendants and directed toward the Property has the effect of permanently and substantially reducing the value of the Property.

56. Defendants' conduct created a permanent physical and financial impact on the Property and, by directing stormwater to and onto the Property, Defendants committed a taking of Plaintiffs' Property and in so doing, destroyed or substantially destroyed the beneficial use of the Property and adversely impacted the value of the Property.

57. Defendants' conduct, at all times, was under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey, the Fifth Amendment of the United States Constitution and 42 U.S.C. §1983.

58. The aforementioned conduct by Defendants has effectively taken the Property from its owner without just compensation and as such, Defendants' conduct constitutes an inverse condemnation or "taking".

59. The taking of the Property by Defendants has deprived Plaintiffs of the substantial use of the Property, has taken and deprived Plaintiffs of the substantial valuation of the Property and in so doing, has rendered the Property unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in an amount representing the full, fair market value of the Property on the date of the taking, attorneys' fees, costs and interest commensurate with their losses, along with punitive damages and other relief that the Court deems just and proper.

WEIR LLP
*A Pennsylvania Limited Liability Partnership*

Dated: January 13, 2025

By: */s/ Patrick T. Krenicky*
PATRICK T. KRENICKY
*Attorneys for Plaintiffs*

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Plaintiffs hereby designate Patrick T. Krenicky, Esquire as trial counsel for Plaintiffs in this civil action.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues.

**CERTIFICATION PURSUANT TO R. 4:5-1**

The undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy in this litigation is not the subject of any other action pending in any other court or of a pending arbitration proceeding, nor is another other action or arbitration proceeding contemplated. I know of no other party that should be joined in this action or who is subject to joinder in this action. I recognize the continuing obligation of each party to file with the Court and

serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

WEIR LLP
*A Pennsylvania Limited Liability Partnership*

Dated: January 13, 2025

By: /s/ Patrick T. Krenicky
PATRICK T. KRENICKY
*Attorneys for Plaintiffs*

**CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

WEIR LLP
*A Pennsylvania Limited Liability Partnership*

Dated: January 13, 2025

By: /s/ Patrick T. Krenicky
PATRICK T. KRENICKY
*Attorneys for Plaintiff*