METHFESSEL & WERBEL
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO±
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>
MICHAEL TRIFIOLIS>
BETH A. BOLGER+
PAUL E. GRIGGS>

Counsel
ADAM M. CARMAN+^
SHAJI M. EAPEN+
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON+
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
KASSIANI CHRYSANTHOPOULOS>
EDWARD D. DEMBLING>
KARISHMA DHRUVE>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
FRANK J. KEENAN+^
SCOTT KETTERER>
ZURAB MAISURADZE>
JOHN M. MARTIN>
ANTHONY J. MANCUSO>
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
VITTORIA A. SCULCO>
SARAH E. SHEPP+
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

* Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≤Member of NJ, NY & CA Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar
±Member of NY, NJ & FL Bar

**Please reply to New Jersey**

October 30, 2025

VIA ECOURTS FILING
Clerk, United States District Court - Camden
Mitchell H. Cohen U.S. Courthouse 1 John F. Gerry Plaza
Camden, NJ 08101

RE: **WILLIAMS, TYLER VS. CHERRY HILL TOWNSHIP, ET AL.**
Our File No. : 96042 WSB
Docket No. : 1:25-CV-00780

Dear Sir/Madam:

Enclosed please find the following documents:

☒Notice of Motion
☒Certification
☒Order
☒Certificate of Mailing

Very truly yours,

**METHFESSEL & WERBEL, ESQS.**

William S. Bloom
bloom@methwerb.com
Ext. 167

WSB:jrf/Encl.

cc: VIA EMAIL: pkrenicky@weirlawllp.com
Patrick Krenicky, Esq.
Weir LLP
20 Brace Road, Suite 201
Cherry Hill, NJ 08034

VIA EMAIL: rsokolove@weirlawllp.com
Robert Sokolove, Esq.
Weir Greenblatt Pierce LLP
20 Brace Road, Suite 201
Cherry Hill, NJ 08034

VIA EMAIL: wcook@brownconnery.com
VIA EMAIL: jevans@brownconnery.com
VIA EMAIL: aclement@brownconnery.com
William Cook, Esq.
Brown & Connery, LLP
360 Haddon Avenue
Westmount, NJ 08108

VIA EMAIL: jshanaberger@hillwallack.com
VIA EMAIL: cmelcher@hillwallack.com
Jeffrey Shanaberger, Esq.
Hill Wallack LLP
21 Roszel Road P.O. Box 5226
Princeton, NJ 08543-5226

VIA LRex – COURTESY COPY
Honorable Edward S. Kiel, J.S.C
Clerk, United States District Court - Camden
Mitchell H. Cohen U.S. Courthouse 1 John F. Gerry Plaza
Camden, NJ 08101

William S. Bloom - ID # 016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Hwy, Suite 200
Edison, NJ 08817
732-248-4200
732-248-2355
bloom@methwerb.com
Attorneys for Cherry Hill Township Board of Education
Our File No. 96042 WSB

| | |
|---|---|
| TYLER WILLIAMS AND LAKSHMI BAROT<br><br>Plaintiff<br><br>V.<br><br>CHERRY HILL TOWNSHIP AND CHERRY HILL BOARD OF EDUCATION<br><br>Defendant | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY - CAMDEN<br>CIVIL ACTION NO.: 1:25-CV-00780<br><br>Civil Action<br><br>**NOTICE OF MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE, TWO AND THREE OF PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE TORT CLAIMS ACT, N.J.S.A. 59:8-8** |

**TO: MOTIONS CLERK AND ALL COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that the undersigned will apply to the above named Court at Mitchell H. Cohen U.S. Courthouse 1 John F. Gerry Plaza Camden, NJ 08101 on December 1, 2025 at 9:00 a.m., or as soon thereafter as counsel may be heard, for an Order to dismiss Counts One, Two and Three of Plaintiff's Complaint with prejudice for failure to comply with the notice requirements of the Torts Claim Act.

| | | | | |
|---|---|---|---|---|
| DATE OF: | Arbitration: | NONE | Mediation: | NONE |
| | Trial: | NONE | Discovery End Date: | 4/30/2026 |

Pursuant to R. 1:6-2(d) the undersigned requests oral argument only if opposition to the within motion is entered.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Cherry Hill Township
Board of Education

By:_________________________
William S. Bloom

DATED: October 30, 2025
A proposed form of Order is annexed hereto.

William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Hwy, Suite 200
Edison, NJ 08817
732-248-4200
732-248-2355
bloom@methwerb.com
Attorneys for Cherry Hill Township Board of Education
Our File No. 96042 WSB

| | |
|---|---|
| TYLER WILLIAMS AND LAKSHMI BAROT<br><br>Plaintiff<br><br>V.<br><br>CHERRY HILL TOWNSHIP AND CHERRY HILL BOARD OF EDUCATION<br><br>Defendant | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY - CAMDEN<br>CIVIL ACTION NO.: 1:25-CV-00780<br><br>Civil Action<br><br>**CERTIFICATION** |

I, William S. Bloom, of full age, duly certify as follows:

1. I am an attorney at law in the State of New Jersey, associated with the law firm of Methfessel & Werbel, attorneys for the defendant(s), Cherry Hill Township Board of Education, and in such capacity, I am fully familiar with the facts of the within matter.

2. The Cherry Hill Board of Education (hereinafter "CHBOE") is a legislative body with offices located at 45 Ranoldo Terrace, Cherry Hill, New Jersey 08002.

3. On January 13, 2025, Plaintiffs filed a Complaint. **Exhibit A, Pl. Complaint.**

4. Plaintiffs allege that co-defendant Cherry Hill Township's stormwater management system, located on Defendant's property, redirected rainwater onto Plaintiffs' property, causing significant damage and destruction to their property located at 125 Wayside Drive, Cherry Hill, New Jersey 08034. **Exhibit A, Pl. Complaint.**

5. Plaintiffs do not allege a specific date of injury but rather claim that "there have been numerous flood events which have occurred over the years, including two within the two years preceding the commencement of this civil action." **Exhibit A, Pl. Complaint.**

6. At Count One, Plaintiffs allege that defendants were negligent and liable for a dangerous condition of public property. **Exhibit A, Pl. Complaint.**

7. At Count Two, Plaintiffs allege nuisance and unreasonable interference with Plaintiffs' property. **Exhibit A, Pl. Complaint.**

8. At Count Three, Plaintiffs allege trespass. **Exhibit A, Pl. Complaint.**

9. At Count Four, Plaintiffs allege that defendants' conduct constituted an inverse condemnation. **Exhibit A, Pl. Complaint.**

10. Movant is a public entity, pursuant to N.J.S.A 59:1-3.

11. Pursuant to N.J.S.A 59:8-8, plaintiff had ninety (90) days from the date of the incident, or in this case, the date of damage, to serve defendant with a Tort Claim Notice.

12. Plaintiffs failed to serve a Torts Claim Notice on CHBOE. **Exhibit B, Plaintiff's Answers to Interrogatories at #22.**

13. It is undisputed that Plaintiffs served a Torts Notice Claim on co-defendant Cherry Hill Township on or around September 29, 2023. **Exhibit C, Tort Claim Notice.**

14. In that Tort Claim, Plaintiffs allege that on July 4, 2023, the storm drain system maintained by co-defendant Cherry Hill Township caused flooding on their property located at 125 Wayside Drive. **Exhibit C, Tort Claim Notice.**

15. Plaintiffs' Notice of Claim attributes the cause of damage to Cherry Hill Township, Cherry Hill Township Department of Engineering and Cherry Hill Township Public Works. **Exhibit C, Tort Claim Notice.**

16. On October 13, 2025, Defendant served on Plaintiff a signed affidavit affirming that CHBOE was never served a Notice of Claim directed against it, nor was it ever provided with a copy of the Notice of Claim served upon Cherry Hill Township. **Exhibit D, Affidavit of Jason Schmipf**.

17. CHBOE now moves for Summary Judgment on Counts One, Two and Three of Plaintiff's Complaint for failure to properly serve a notice of claim upon a public entity, pursuant to N.J.S.A. 59:8-8 of the Torts Claim Act.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Cherry Hill Township
Board of Education

By:____________________________
William S. Bloom

DATED: October 30, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYLER WILLIAMS AND LAKSHMI BAROT<br><br>Plaintiff<br><br>V.<br><br>CHERRY HILL TOWNSHIP AND CHERRY HILL BOARD OF EDUCATION<br><br>Defendant | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY - CAMDEN<br>CIVIL ACTION NO.: 1:25-CV-00780<br><br>Civil Action |

# DEFENDANTS CHERRY HILL BOARD OF EDUCATION'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**METHFESSEL & WERBEL, ESQS.**
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
bloom@methwerb.com
Attorneys for Piscataway Township
Our File No. 95781 WSB

Of counsel and on the brief:
William S. Bloom, Esq.

# TABLE OF CONTENTS

**LEGAL ARGUMENT** .......... **1**

POINT I: PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE TORT CLAIMS ACT .......... 1

POINT II: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT .......... 4

**CONCLUSION** .......... 5

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc .......... 4

Big Apple BMW, Inc. v. BMW of N. Am., Inc. .......... 5

Birchwood Lakes Colony Club v. Medford Lakes, 90 *N.J.* 582, 449 *A.*2d 472 (1982) .......... 2

Celotex Corp. v. Catrett .......... 5

Katz v. Aetna Cas. & Sur. Co. .......... 5

Kaucher v. Cty. Of Bucks .......... 4

Kenney v. Scientific, Inc., 204 N.J. Super. 228, 497 A.2d 1310 (L.1985) .......... 2

Kolitch v. Lindedahl .......... 2

Pandya v. State, Dep't of Transp., 375 N.J. Super. 353, 367 (App. Div. 2005) .......... 1

Ridgewood Bd. of Ed. v. Stokley .......... 4

Russo Farms, Inc. v. Vineland Bd. of Educ., 280 N.J. Super. 320, 325, 655 A.2d 447, 449 (App. Div. 1995 .......... 2

Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119 (2001) .......... 1

Wright v. State, 169 N.J. 422, 435 (2001) .......... 1

**Statutes**

N.J.S.A. 59:1-1 .......... 9

N.J.S.A. 59:2–2 .......... 9

N.J.S.A. 59:4-1 .......... 8

N.J.S.A. 59:4–2 .......... 9

N.J.S.A. 59:8–7 .......... 9

N.J.S.A. 59:8–8 .......... 9, 10

**LEGAL ARGUMENT**

**POINT ONE**

**PLAINTIFF FAILED TO COMLPY WITH THE NOTICE REQUIREMENTS OF THE TORT CLAIMS ACT.**

Plaintiff has failed to serve a Notice of Tort Claim within ninety (90) days after the accrual for the cause of action, as required under the Tort Claims Act (TCA). As such, Counts One, Two and Three of Plaintiff's Complaint, which are governed by the Tort Claims Act, must be dismissed against Defendant Cherry Hill Board of Education.

When a party alleges that an injury arising from a tortious action or inaction of a public entity, any causes of action brought will be subject to the Torts Claim Act. N.J.S.A. 59:4-1, et seq. The Tort Claim Act defines the boundaries of sovereign immunity for public entities in Jersey, and prescribes "the nature, extent and scope of state and local tort liability and the procedural requisites for prosecuting tort claims against New governmental agencies." Wright v. State, 169 N.J. 422, 435 (2001) (internal quotations omitted).

Although the Torts Claim Act has dissolved sovereign immunity to an extent, immunity nonetheless remains the general rule, with liability existing only within narrow exceptions. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119 (2001); Pandya v. State, Dep't of Transp., 375 N.J. Super. 353, 367 (App. Div. 2005). "The statute is . . . unmistakably clear in providing that liability on the part of the State cannot be imposed

unless consistent with the entire Act itself." Kolitch v. Lindedahl, 100 N.J. 485, 492 (1985) (emphasis added).

Pursuant to the procedural requirements of the Tort Claims Act, N.J.S.A. 59:8–7, and N.J.S.A. 59:8–8, filing a notice of claim is a prerequisite to maintaining any of plaintiff's nuisance, trespass or other tort claims against a township or public entity. *See* Russo Farms, Inc. v. Vineland Bd. of Educ., 280 N.J. Super. 320, 325, 655 A.2d 447, 449 (App. Div. 1995), aff'd in part, rev'd in part, 144 N.J. 84, 675 A.2d 1077 (1996). N.J.S.A. 59:1–2; Polyard v. Terry, 160 N.J. Super. 497, 506, 390 *A.*2d 653 (App.Div.1978), Birchwood Lakes Colony Club v. Medford Lakes, 90 *N.J.* 582, 449 *A.*2d 472 (1982). New Jersey Courts have reaffirmed that an action in nuisance against a public entity is subject to standards of the Tort Claims Act. N.J.S.A. 59:1-1. Kenney v. Scientific, Inc., 204 N.J. Super. 228, 497 A.2d 1310 (L.1985). With respect to the statutory recognition and continuation of the nuisance cause of action, the two sections of the act implicated are N.J.S.A. 59:4–2 and N.J.S.A. 59:2–2. The former creates liability for injury caused by the dangerous condition of a public entity's property. Birchwood Lakes Colony Club, Inc. v. Borough of Medford Lakes, 90 N.J. 582, 593, 449 A.2d 472, 478 (1982)

N.J.S.A 59:8-8 of the Torts Claim Act requires any claim relating to a cause of action for injury or damage to person or to property to be:

> Presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant

> may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9.

In the within matter, Plaintiffs' claims in Counts One through Three clearly fall within the scope of the Torts Claim Act. Defendant CHBOE is a public entity as defined by N.J.S.A 59:1-3, and Plaintiffs alleged property damage stemming from the alleged actions and inactions of said public entity. As such, Plaintiffs were required to provide a Notice of Tort Claim within ninety (90) days of the accrual as to the first three counts. In Count One of the Complaint, Plaintiffs allege that Defendants was negligent and caused a dangerous condition on public property. In Count Two of the Complaint, Plaintiffs allege nuisance and unreasonable interference with Plaintiffs property. In Count Three of the Complaint, Plaintiffs alleges trespass.

Plaintiffs failed to serve a tort claims notice on Defendant CHBOE as confirmed by CHBOE's sworn affidavit. While Plaintiff served a timely notice on co-defendant Cherry Hill Township, that Notice did not attribute any cause of damage to the CHBOE[1]. Accordingly, as Plaintiff failed to satisfy

---

[1] To the extent Plaintiffs may argue that service of notice on the Township constitutes notice on CHBOE, the two are distinct and separate entities and thus that argument fails. See N.J.S.A. 18A:11-1(d) and N.J.S.A. 18A:11-2; see also Potosi v. Union City Bd. of Educ., 2011 WL 2496236 (attached hereto as **Exhibit E**); see Otchy v. City of Elizabeth Bd. of Educ., 325 N.J.Super. 98, 109 (App. Div. 1999)

the statutory requirements of the Tort Claims Act, specifically N.J.S.A. 59:8-8, Counts One, Two, and Three of Plaintiff's complaint must be dismissed.

**POINT II**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT.**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non- moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." Kaucher v. Cty. Of Bucks, 9 455 F.3d 418, 423 (3d Cir. 2006); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Ibid.

Once the movant adequately supports its motion to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324. See also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d. Cir. 1999).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). There can be "no genuine issue as to any material fact;" however, if the party fails "to make a showing sufficient to establish the evidence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Ibid.; Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992).

In this instant matter, Plaintiff failed to present any evidence establishing a genuine despite of material fact. Accordingly, Defendant CHBOE is entitled to summary judgment.

**Conclusion**

Based on the foregoing, it is respectfully requested that Defendant Cherry Hill Board of Education's Motion for Summary Judgement dismissing Counts I-III of Plaintiff's Complaint be granted.

William S. Bloom - ID #016631994
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Hwy, Suite 200
Edison, NJ 08817
732-248-4200
732-248-2355
bloom@methwerb.com
Attorneys for Cherry Hill Township Board of Education
Our File No. 96042 WSB

| | |
|---|---|
| TYLER WILLIAMS AND LAKSHMI BAROT<br><br>Plaintiff<br><br>V.<br><br>CHERRY HILL TOWNSHIP AND CHERRY HILL BOARD OF EDUCATION<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNITED STATES DISTRICT - CAMDEN<br>CIVIL ACTION NO.: 1:25-CV-00780<br><br>Civil Action<br><br>**ORDER** |

**THIS MATTER** having been brought before the Court on the Motion of Methfessel & Werbel attorneys for defendant(s), Cherry Hill Township Board of Education for an Order entering Summary Judgment dismissing Counts One, Two and Three of Plaintiff's Complaint for failure to comply with the notice requirements of the Torts Claim Act, and the Court having considered the matter and for good cause shown;

**IT IS** on this day of ;

**ORDERED** that Summary Judgment dismissing Counts I, II and III of Plaintiff's Complaint for failure to comply with the notice requirements of

the Tort Claim Act, pursuant to N.J.S.A. 59:8-8 is granted with prejudice; and it is further

**ORDERED** pursuant to Rule 1:5-1(a) that a copy of this Order will be served on all parties not served electronically, nor served personally in Court on this date, within seven (7) days of the date of this Order.

______________________________
J.S.C.

( ) Opposed
( ) Unopposed

Our File No. 96042

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

1. I am employed by the law firm of Methfessel & Werbel.

2. On October 30, 2025 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

Clerk, United States District Court - Camden
Mitchell H. Cohen U.S. Courthouse 1 John F.
Gerry Plaza
Camden, NJ 08101

Patrick Krenicky, Esq.
Weir LLP
20 Brace Road, Suite 201
Cherry Hill, NJ 08034

Robert Sokolove, Esq.
Weir Greenblatt Pierce LLP
20 Brace Road, Suite 201
Cherry Hill, NJ 08034

William Cook, Esq.
Brown & Connery, LLP
360 Haddon Avenue
Westmount, NJ 08108

Jeffrey Shanaberger, Esq.
Hill Wallack LLP
21 Roszel Road P.O. Box 5226
Princeton, NJ 08543-5226

Honorable Edward S. Kiel, J.S.C.
Clerk, United States District Court - Camden
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ 08101

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Jessica R. Ford